DENNIS MOSS (Cal. State Bar No. 077512)
GREGORY N. KARASIK (Cal. State Bar No. 115834)
SPIRO MOSS BARNESS HARRISON & BARGE LLP
11377 W. Olympic Blvd., Fifth Floor
Los Angeles, CA 90064-1683
Telephone: (310) 235-2468
Facsimile: (310) 235-2456
dennisfmoss@yahoo.com
gkarasik@smbhblaw.com

PETER M. HART (Cal. State Bar No. 198691)
LAW OFFICES OF PETER M. HART
13952 Bora Bora Way, F-320
Marina Del Rey, CA 90292
Telephone: (310) 478-5789
Facsimile: (509) 561-6441
hartpeter@msn.com

Attorneys for Plaintiff
DONNA CATHERINE WONG

JEFFREY D. WOHL (Cal. State Bar No. 96838)
JULIE A. WILKINSON (Cal. State Bar No. 209180)
RISHI N. SHARMA (Cal. State Bar No. 239034)
PAUL, HASTINGS, JANOFSKY & WALKER LLP
55 Second Street, 24th Floor
San Francisco, California 94105-3441
Telephone: (415) 856-7000
Facsimile: (415) 856-7100
jeffwohl@paulhastings.com
juliewilkinson@paulhastings.com
rishisharma@paulhastings.com

Attorneys for Defendant
TARGET CORPORATION

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONNA CATHERINE WONG, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>TARGET CORPORATION, a Delaware corporation; and DOES 1 through 20, inclusive,<br><br>Defendant. | No. C-06-CV-05398 WDB<br><br>***REVISED* STIPULATION FOR PROTECTIVE ORDER REGARDING CONFIDENTIAL INFORMATION; [PROPOSED] ORDER ADOPTING SAME** |

## STIPULATION

Plaintiff Donna Catherine Wong and defendant Target Corporation ("Target") (collectively referred to in this agreement as the "Parties"), acting through their respective counsel of record, hereby stipulate as follows:

1. Target has produced or will produce, in connection with discovery proceedings in this action, information and/or documents consisting of or referencing confidential information, including but not necessarily limited to documents and information evidencing, relating to and referring to Target's Vacation Plan, and certain financial information and/or documents relating to the same.

2. The Parties anticipate that plaintiff may already have, or may seek discovery of, information and/or documents relating to Target's business operations, including information and/or documents relating to Target's Vacation Plan, the disclosure of which Target claims may adversely affect Target's ability to compete.

3. The information and/or documents referenced in paragraphs 1 and 2 are called "CONFIDENTIAL INFORMATION" in this agreement.

4. If CONFIDENTIAL INFORMATION has already been or has yet to be produced in discovery, the Party who wishes to so designate it will do so by means of written notice given to the other Party as soon as is practicable in connection with its production, including but not limited marking the document "CONFIDENTIAL".

5. Material sought to be protected as CONFIDENTIAL INFORMATION must be properly subject to protection pursuant to this Stipulation and Order and the standards developed under Federal Rule of Civil Procedure 26(c), and counsel must not designate any discovery material CONFIDENTIAL INFORMATION without first making a good-faith determination that protection is warranted.

6. To safeguard the confidentiality of CONFIDENTIAL INFORMATION, it will be maintained as set forth in this agreement.

7. CONFIDENTIAL INFORMATION will be used by the Parties solely for the purposes of the prosecution and/or defense in this action.

8. The Parties will not disclose CONFIDENTIAL INFORMATION in any manner to anyone other than the following, who will agree to maintain its confidentiality:

      a.    counsel of record for the Parties in this action, including in-house counsel, who are actively engaged in the conduct of this litigation, and the partners, associates, secretaries, paralegal assistants, and employees of such counsel to the extent reasonably necessary to render professional services in the litigation;

      b.    court officials involved in this litigation (including court reporters, persons operating video recording equipment at depositions, and any special master appointed by the Court);

      c.    plaintiff, but only to the extent that she remains the representative plaintiff in this action and remains bound to this Confidentiality Agreement;

      d.    witnesses, including non-party witnesses, in preparation for, and in the course of, depositions or interviews, or at trial, if, in the reasonable good faith opinion of the Parties' counsel, examination with respect to such information is necessary for legitimate discovery or trial purposes;

      e.    outside consultants or experts assisting counsel in the effort to settle this action or to prosecute this action;

      f.    any neutral person who may be selected by the parties to preside over their private mediation or early neutral evaluation;

      g.    third-party contractors involved solely in one or more aspects of organizing, filing, coding, converting, storing, or retrieving data or designing programs for handling data connected with this action, including the performance of such duties in relation to a computerized litigation support system; and to the employees of third-party contractors performing one or more of these functions;

      h.    officers and directors of Target;

      i.    any person designated by the Court in the interest of justice, upon such terms as the Court may deem proper; and

      j.    as a court filing subject to this agreement.

9.    In the event that a Party challenges the designation of information and/or documents as CONFIDENTIAL INFORMATION, that Party must do so in good faith and will so notify the other

Party in writing. The burden will then fall on the Party making the designation to obtain an order of the Court upholding the designation. The designation made by the Party will be respected by the other Party, and the information and/or documents designated CONFIDENTIAL INFORMATION will not be used in a manner inconsistent with this agreement, until either (a) 15 days pass after that other Party gave notice of the challenge to the designation, and the Party making the designation fails to file a motion for an order of the Court upholding the designation; or (b) a motion is denied by the Court.

10. In the event that a Party seeks to file with the Court a document containing or constituting CONFIDENTIAL INFORMATION, that Party will first file the document under seal pursuant to United States District Court of California, Northern District Local Rule 79-5. If the Court refuses to uphold the confidentiality requested or accept the documents as filed, the documents may be filed.

11. Entering into, agreeing to and/or complying with the terms of this agreement will not:
   a. prejudice in any way the right of any Party to object to the production of documents or information it considers to be protected from disclosure during discovery or to seek a Court determination whether particular designated material should be produced;
   b. prejudice in any way the right of any Party to apply to the Court to rescind or modify the terms of this Confidentiality Agreement or to move the Court for a protective order;
   c. prejudice in any way the right of any Party to use, or object to the use of, any CONFIDENTIAL INFORMATION at any hearing or at trial;
   d. affect the obligations of any Party or person to comply with the terms of any compulsory process; or
   e. be construed as a waiver by either Party of any discovery objection.

12. This agreement will be effective from the date on which it is signed by counsel for the Parties, and shall remain in effect even after the final termination of this litigation.

13. The Parties and their counsel are responsible for employing reasonable measures to control, consistent with this agreement, duplication of, access to, discussion of and distribution of copies of CONFIDENTIAL INFORMATION, including obtaining enforceable non-disclosure agreements

from any third party, authorized to receive CONFIDENTIAL INFORMATION pursuant to this agreement, to whom CONFIDENTIAL INFORMATION is disclosed.

14. This agreement may be signed in counterpart originals, with each having the same effect as a single original.

Dated: November ___, 2006.　　DENNIS MOSS
　　　　　　　　　　　　　　　GREGORY N. KARASIK
　　　　　　　　　　　　　　　SPIRO MOSS BARNESS HARRISON & BARGE LLP

　　　　　　　　　　　　　　　PETER M. HART
　　　　　　　　　　　　　　　LAW OFFICES OF PETER M. HART


　　　　　　　　　　　　　　　By: _____
　　　　　　　　　　　　　　　　　　Gregory N. Karasik
　　　　　　　　　　　　　　　　　Attorneys for Plaintiff
　　　　　　　　　　　　　　　　　Donna Catherine Wong

Dated: November _22_, 2006.　　JEFFREY D. WOHL
　　　　　　　　　　　　　　　JULIE A. WILKINSON
　　　　　　　　　　　　　　　RISHI N. SHARMA
　　　　　　　　　　　　　　　PAUL, HASTINGS, JANOFSKY & WALKER LLP


　　　　　　　　　　　　　　　By: __/s/ Jeffrey D. Wohl_____
　　　　　　　　　　　　　　　　　　Jeffrey D. Wohl
　　　　　　　　　　　　　　　　　Attorneys for Defendant
　　　　　　　　　　　　　　　　　Target Corporation

LEGAL_US_W # 54765404.3

4

STIPULATION FOR PROTECTIVE ORDER, ORDER
U.S.D.C., N.D. Cal., No.-C-06-CV-05398-WDB

from any third party, authorized to receive CONFIDENTIAL INFORMATION pursuant to this agreement, to whom CONFIDENTIAL INFORMATION is disclosed.

14. This agreement may be signed in counterpart originals, with each having the same effect as a single original.

Dated: November 22, 2006.

DENNIS MOSS
GREGORY N. KARASIK
SPIRO MOSS BARNESS HARRISON & BARGE LLP

PETER M. HART
LAW OFFICES OF PETER M. HART

By: _____
Gregory N. Karasik
Attorneys for Plaintiff
Donna Catherine Wong

Dated: November ___, 2006.

JEFFREY D. WOHL
JULIE A. WILKINSON
RISHI N. SHARMA
PAUL, HASTINGS, JANOFSKY & WALKER LLP

By: _____
Jeffrey D. Wohl
Attorneys for Defendant
Target Corporation

LEGAL_US_W # 54765404.3                          4                STIPULATION FOR PROTECTIVE ORDER, ORDER
                                                                  U.S.D.C., N.D. Cal., No.-C-06-CV-05398-WDB

PAGE 2/2 * RCVD AT 11/22/2006 2:43:32 PM [Pacific Standard Time] * SVR:SFORF1/4 * DNIS:9998 * CSID:310 235 2456 * DURATION (mm-ss):01-38

**ORDER**

On the stipulation of the parties, and good cause appearing therefor,

SO ORDERED.

Dated: 11/27/_____, 2006.

*/s/ Wayne D. Brazil*
_____
Wayne D. Brazil
United States Magistrate Judge