UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONNA CATHERINE WONG, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>TARGET CORPORATION, a Delaware corporation; and DOES 1 through 20, inclusive,<br><br>Defendants.<br>_____/ | No. C 06-05398 WDB<br><br>ORDER VACATING FEBRUARY 6, 2008, HEARING AND FOR SUPPLEMENTAL BRIEFING |

On December 28, 2007, the parties filed a Joint Motion for Order Conditionally Certifying Settlement Class; Preliminarily Approving Proposed Settlement; Approving Notice to Class and Election Not to Participate; Approving Notice of Proposed Settlement; and Setting Hearing For Final Approval (the "Joint Motion"). The Joint Motion was set to be heard by the undersigned on Wednesday, February 6, 2008. That hearing is now VACATED and continued to **March 18, 2008, at 1:30 p.m.** In the interim, and **by no later than Monday, March 3, 2008,** the parties are ORDERED to file supplemental briefing on the following topics and to support all factual assertions with competent declarations:

(1) <u>Proposed Settlement</u>

The Joint Motion asks the Court to preliminarily approve a proposed settlement between the parties in Plaintiffs' class action against Target for alleged violations of the California Labor Code and for unfair business practices. The terms of this proposed

1

settlement require Target to pay a Maximum Settlement amount of $10,000,000 to a class of more than 270,000 current and former Target employees, after subtracting the Class Representative Payment, Class Counsel Fees and Expenses, a payment to the California Labor Workforce Development Agency, and employment payroll taxes on settlement shares. The remaining funds are to be distributed to participating class members based upon the number of weeks each participating class member worked. Under the proposed settlement, each participating class member would be guaranteed a minimum of $5.00. Class members with an average number of work weeks would receive about $24.00.

Having reviewed the parties' submissions, the Court has concluded that it cannot determine whether to preliminarily approve the settlement without further information. Accordingly, by the deadline set forth above, counsel for the parties must file supplemental briefing that provides the Court with a detailed explanation of the information and reasoning that has informed counsels' estimates of the likely range of damages if liability were established on Plaintiffs' claims.

(2) <u>Class Counsel's Fees</u>

In the Joint Motion, counsel for Plaintiff and the class indicate that they will ask for a fee award of 33% of the Maximum Settlement Amount, which would result in a payment of $3,333,333 in attorneys fees. Plaintiffs' counsel acknowledges that 33% of the Maximum Settlement Amount is larger than the "benchmark" 25% fee award that is more typical in the Ninth Circuit. *See e.g., Vizcaino v. Microsoft Corp.*, 290 F.3d 1043, 1047-48 (9th Cir. 2002). Accordingly, by the deadline set forth above, Plaintiffs' counsel must file supplemental briefing that provides (a) a principled and thorough justification for why use of the more typical 25% fee award is <u>not</u> appropriate in this case; and (b) all necessary information and data for the Court to perform a lodestar calculation for attorneys fees. This data must include the number of hours worked by any lawyer for whom counsel wishes to claim fees; the hourly rate each of these lawyers bill for his or her time; a description of each lawyer's education and experience; and what multiplier Plaintiffs' counsel asks the Court to use in

arriving at a fee award under the lodestar method. All assertions of fact in counsel's supplemental briefing <u>must</u> be supported by competent declarations.

    (3)    <u>Payment to Class Representative</u>

Plaintiffs are requesting a class representative payment of $25,000. By the deadline set forth above, counsel for Plaintiffs must provide further explanation to the Court justifying this amount. Counsel also is directed to provide relevant cases where similar-size class representative awards were approved in class actions that were settled without protracted litigation.

    (4)    <u>Revisions to Notice of Proposed Settlement</u>

The Court has reviewed the parties' Notice of Proposed Settlement. With the supplemental briefing they file in response to this Order, the parties also must file a revised Notice of Proposed Settlement that explains the basis for Plaintiffs' counsels' judgments about the likelihood of prevailing on the contention that Plaintiffs' claims are <u>not</u> preempted by ERISA, and what outcome could be expected if the class lost the preemption argument.

IT IS SO ORDERED.

Dated: February 4, 2008

*[signature: Wayne D. Brazil]*

WAYNE D. BRAZIL
United States Magistrate Judge

Copies to: parties, WDB, stats

3