UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONNA CATHERINE WONG, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>TARGET CORPORATION, a Delaware corporation; and DOES 1 through 20, inclusive,<br><br>Defendants. | No. C-06-05398-WDB<br><br>**NOTICE OF PROPOSED SETTLEMENT OF "PERSONAL HOLIDAY" CLASS ACTION; CONDITIONAL CERTIFICATION OF SETTLEMENT CLASS; PRELIMINARY COURT APPROVAL OF SETTLEMENT; AND HEARING DATE FOR FINAL COURT APPROVAL** |

TO: ALL PERSONS WHO HAVE WORKED FOR TARGET CORPORATION IN THE STATE OF CALIFORNIA AT ANY TIME FROM JULY 31, 2002, TO DECEMBER 31, 2006.

WHAT FOLLOWS IS A DESCRIPTION OF THE PROPOSED DISPOSITION OF A CLASS ACTION LAWSUIT.

PLEASE READ THIS NOTICE CAREFULLY. IT MAY AFFECT YOUR LEGAL RIGHTS WITH RESPECT TO PERSONAL HOLIDAYS EARNED OR ALLEGEDLY EARNED BY YOU WHILE EMPLOYED BY TARGET ON OR BEFORE DECEMBER 31, 2006. YOU HAVE THREE OPTIONS IN RESPONSE TO THIS NOTICE:

(1) IF YOU WOULD LIKE TO PARTICIPATE IN THE SETTLEMENT, YOU DO NOT NEED TO TAKE ANY ACTION IN RESPONSE TO THIS NOTICE (UNLESS, AS EXPLAINED BELOW, YOU DISAGREE WITH THE "SETTLEMENT SHARE STATEMENT," IN WHICH CASE YOU SHOULD COMPLETE THE "CORRECTION TO SETTLEMENT SHARE STATEMENT" AND RETURN IT TO THE SETTLEMENT ADMINISTRATOR AT THE ADDRESS PROVIDED ON THE CORRECTED STATEMENT); OR

(2) IF YOU DO NOT WANT TO PARTICIPATE IN THE SETTLEMENT, YOU MUST COMPLETE THE "ELECTION NOT TO PARTICIPATE" FORM PROVIDED AT THE END OF THIS NOTICE AND RETURN IT TO THE SETTLEMENT ADMINISTRATOR AT THE ADDRESS PROVIDED ON THE FORM ON OR BEFORE JUNE 11 2008. IF YOU DO NOT COMPLETE AND RETURN THE ELECTION NOT TO PARTICIPATE FORM BY JUNE 11, 2008, YOU WILL BE BOUND BY THE SETTLEMENT; OR

(3) IF YOU WISH TO PARTICIPATE IN THE SETTLEMENT BUT YOU OBJECT TO THE SETTLEMENT TERMS, YOU MUST EXPLAIN YOUR OBJECTION IN WRITING AND BY JUNE 11, 2008, SEND YOUR OBJECTION TO THE COURT AND TO THE LAWYERS REPRESENTING THE CLASS AND TO THOSE REPRESENTING TARGET BY FOLLOWING THE DIRECTIONS BELOW IN THIS NOTICE ON PAGES 10 AND 11 IN SECTION 5(b).

**AS NOTED ABOVE, ENCLOSED WITH THIS NOTICE IS A SETTLEMENT SHARE STATEMENT WHICH SETS FORTH (ACCORDING TO TARGET'S RECORDS) YOUR NUMBER OF WORK WEEKS WITHIN THE CLASS PERIOD AND, BASED ON THOSE WORK WEEKS AND CERTAIN ASSUMPTIONS EXPLAINED BELOW, AN ESTIMATE OF YOUR SETTLEMENT SHARE. YOUR ACTUAL SETTLEMENT SHARE MAY BE HIGHER OR LOWER THAN SHOWN, BUT WILL NOT BE LESS THAN $5. PLEASE REVIEW THE INFORMATION ABOUT YOUR WORK WEEKS IN THE STATEMENT TO CONFIRM THAT IT IS ACCURATE. IF THE STATEMENT IS <u>NOT</u> ACCURATE, PLEASE FILL OUT AND SUBMIT THE "CORRECTION TO SETTLEMENT SHARE STATEMENT" BY <u>JUNE 11, 2008</u>, BY FOLLOWING THE DIRECTIONS BELOW IN THIS NOTICE.**

Pursuant to the order of the United States District Court for the Northern District of California (the "Court") entered on April 7, 2008, YOU ARE HEREBY NOTIFIED AS FOLLOWS:

A proposed settlement (the "Settlement") has been reached between plaintiff Donna Catherine Wong (representing the Class) and defendant Target Corporation ("Target"), in the class action pending in the Court brought on behalf of the following individuals (the "Class"):

> All persons who worked for Target Corporation in the State of California at any time during the period from July 31, 2002, to December 31, 2006, except for those persons who, apart from this Settlement, have released the same claims that would be released under this Settlement.

The Court has preliminarily approved the Settlement and conditionally certified the Class for purposes of the Settlement only. You have received this notice because Target's records indicate that you are a member of the Class. This notice is designed to inform you of how you can comment in favor of the Settlement, object to the Settlement, or elect not to participate in the Settlement. Even if you object to the settlement, unless you submit an Election Not to Participate in the Settlement, the Settlement, if finally approved by the Court, will be binding upon you.

1.  **BACKGROUND OF THE CASE**

On July 31, 2006, plaintiff brought an action against Target entitled, "*Donna Catherine Wong, individually and on behalf of all others similarly situated, Plaintiff, vs. Target Corporation, a Delaware Corporation, and Does 1 through 20, inclusive, Defendants*," in the Superior Court of California in and for the County of Alameda that was designated Case No. RG06281804 (the

"Action"). Target removed the Action to the federal Court on August 31, 2006, where it was designated Case No. C-06-5398, and where it remains pending.

Class Members in this action are represented by Class Counsel, Dennis F. Moss and Gregory N. Karasik at Spiro Moss Barness LLP, 11377 W. Olympic Boulevard, Fifth Floor, Los Angeles, California 90064-1683, and by Peter M. Hart at the Law Offices of Peter M. Hart, 13952 Bora Bora Way, F-320, Marina Del Rey, California 90292.

In the Action, plaintiff alleges that Target violated California Labor Code sections 201-203, 226, and 227.3, and California and Business and Professions Code section *17200 et seq.*, by forfeiting employees' accrued Personal Holidays, failing to award accrued Personal Holidays and failing to pay the value of accrued Personal Holidays on termination, failing to carry forward accrued Personal Holidays from one year to the next, and by failing to provide itemized wage statements with respect to Personal Holidays. "Personal Holidays" means any form of paid time-off awarded, accrued, used, paid, forfeited, or otherwise made available in connection with employment by Target, except paid time-off conditioned on the inability of an individual to work because of his or her own illness, medical condition, or disability, or the illness, medical condition, or disability of a family member.

In this lawsuit, Plaintiff seeks individual and class-wide relief for the value of all forfeited or unpaid Personal Holidays that accrued from the inception of employment for any individual employed by Target in the State of California from July 31, 2002, to December 31, 2006; statutory damages and penalties (including waiting-time penalties) in connection with forfeited or unpaid Personal Holidays; restitution for the value of unpaid or forfeited Personal Holidays; injunctive relief; and statutory interest, attorneys' fees, and costs. Plaintiff also seeks civil penalties ("PAGA Penalties") for the violations of the California Labor Code she alleges pursuant to the California Labor Code Private Attorneys General Act of 2004, Cal. Lab. Code § 2698 et seq.

Target denies and continues to deny all of Plaintiff's material allegations.

Primarily, Target contends that the award, accrual, use, and payment of Personal Holidays to Class Members is subject to the Target Vacation Plan, a valid employee welfare benefit plan within the meaning of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C.

§ 1001 et seq., and, on that basis, plaintiff's state-law claims are preempted by ERISA. Plaintiff does not dispute that ERISA preempts state law, and that if ERISA governs the Target Vacation Plan, plaintiff and the proposed class would be entitled to recover nothing in this action. However, plaintiff contends that the Target Vacation Plan does not qualify as a valid ERISA plan. Plaintiff contends that although the Plan is ostensibly funded by a Vacation Trust, the Trust is merely a pass-through used to disguise the economic reality that Target ultimately pays personal holiday benefits to California employees out of its general assets, and that this negates Target's claim of ERISA preemption. Target disputes plaintiff's contention and maintains that it funds personal holidays under the Plan through the Vacation Trust, which Target claims is structured and sufficiently funded to qualify the Vacation Plan as an employee benefit plan under ERISA. The Court at this time has not adjudicated the validity of Target's ERISA defense.

Target also contends that, even if the award, accrual, use, and payment of Personal Holidays to Class Members is governed by California law (because not preempted by federal law), Target is not liable for unpaid wages, statutory damages or penalties (including waiting-time penalties), or restitution of the value of any Personal Holidays that were not awarded, accrued, used, or paid; that injunctive relief is not warranted; that Target is not liable for statutory interest, attorneys' fees, or costs; and that Target is liable neither to the State of California nor to plaintiff and Class Members for PAGA penalties. Target also contended and continues to contend that a class cannot properly be certified in this Action. The Court at this time has not adjudicated the validity of any of these defenses.

After conducting discovery and analyzing data, and after participating in good-faith negotiations presided over by a private mediator (negotiations in which both sides recognized the substantial risk of an adverse result in the Action), plaintiff and Target agreed to settle the Action pursuant to the terms and conditions of the Settlement.

The Settlement represents a compromise and settlement of highly disputed claims. Nothing in the Settlement is intended to be or will be construed as an admission by Target that plaintiff's claims in the Action have merit or that Target has any liability to plaintiff or to the Class on those claims.

**2.     THE PARTIES AND THEIR COUNSEL HAVE CONCLUDED THAT THE SETTLEMENT IS ADVANTAGEOUS, CONSIDERING THE RISKS AND UNCERTAINTIES TO EACH SIDE OF CONTINUED LITIGATION. THE PARTIES AND THEIR COUNSEL HAVE DETERMINED THAT THE SETTLEMENT IS FAIR, REASONABLE, AND ADEQUATE AND IS IN THE BEST INTERESTS OF THE MEMBERS OF THE CLASS.**

**3.     SUMMARY OF THE SETTLEMENT**

The Settlement provides for the following:

**a.     Who is included in the Settlement?**

You are included in the Settlement if you fall within the following definition:

> All persons who worked for Target Corporation in the State of California at any time during the period from July 31, 2002, to December 31, 2006, except for those persons who, apart from this Settlement, have released the same claims released under this Settlement.

**b.     What will I receive from the Settlement?**

(1)   Under the Settlement, Target will pay up to a maximum amount of $10 million. Out of the $10 million, Target will pay to each participating Class Member a Settlement Share calculated as (i) that Class Member's total number of work weeks (rounded to the nearest whole work week) as a Target employee in California during the class period, (ii) divided (to the fifth decimal place) by the product of the aggregate number of all participating Class Members' work weeks during the class period, and (iii) multiplied by the Net Settlement Amount. Each participating Class Member will receive at least $5. The "Net Settlement Amount" means $10 million less the Class Representative Payment (to be set by the Court), the Class Counsel Fees and Expenses Payment (to be set by the Court), the payment to the Labor Workforce Development Agency of the State of California, as well as employer payroll taxes on paid Settlement Shares.

**c.     When will I receive my Settlement Share?**  The Settlement Shares and other amounts will be paid after final court approval of the Settlement and after all rights to appeal or review are exhausted or any appeal or review has been resolved in favor of the Settlement.

**d.     How do I exclude myself from the Settlement?**  You may be excluded from the Settlement if you complete and submit by June 11, 2008, the Election Not to Participate in Settlement form that is provided with this Notice and in accordance with the conditions for

submitting that Election, as further explained in section 5(e), below. If you do not complete and timely submit an Election Not to Participate, you will be bound by the Settlement even if you object to the Settlement.

      e.    **How do I dispute information in my Settlement Share Statement?**

          (1)    The Court has appointed Rust Consulting, Inc., to act as an independent Settlement Administrator and to resolve any disputes concerning the calculation of a Class Member's entitlement to a Settlement Share.

          (2)    Enclosed with this notice is your Settlement Share Statement which sets forth (according to Target's records) your number of work weeks within the class period and an estimate of your Settlement Share <u>assuming that</u> (a) the Court finally approves the Settlement, (b) all Class Members participate, and (c) the Court approves the amounts sought for the Class Representative Payment, the Class Counsel Fees and Expenses Payment, and the payment to the Labor Workforce Development Agency of the State of California. Your actual Settlement Share may end up being higher or lower than estimated.

          (3)    If you disagree with the information about your work weeks shown on your Settlement Share Statement, you must ask the Settlement Administrator to resolve the matter by submitting the Correction to Settlement Share Statement that is provided with this Notice to the Settlement Administrator by <u>June 11, 2008</u> at *Wong v. Target*, Settlement Administrator, Rust Consulting, Inc., PO Box 340, Minneapolis, MN 55440-0340. Please include on the form the basis for your contention that you worked a different number of work weeks and include any documentary evidence (e.g., pay stubs) that you have to support your contention. After receiving notice from the Settlement Administrator that you have submitted a Correction to Settlement Share Statement, Target will manually review its payroll and personnel records to verify the correct number of your work weeks. Target's records will have a rebuttable presumption of correctness. After consultation with you, Class Counsel, and Target, the Settlement Administrator will make a determination of the number of your work weeks. You will be notified of that determination. The determination will be final, binding on you and Target, and non-appealable.

      f.    **What claims are being released as part of the Settlement?**

          (1)    The Settlement includes a release, as of the date of the Judgment approving the Settlement, by Class Members of Target, and its parents, subsidiaries, affiliates, and

trusts, and all of its employees, officers, agents, attorneys, stockholders, fiduciaries, other service providers, successors, and assigns, from any and all claims, known and unknown, raised in the Action or otherwise based on or related to the award, accrual, usage, or forfeiture of Personal Holidays; the failure to pay all Personal Holidays due as wages upon termination or to carry forward Personal Holidays from one year to the next; or any other Personal Holiday-related allegation (the "Class Released Claims"). The Class Released Claims include all such claims whether styled as claims for the failure to pay the value of Personal Holidays accrued or awarded; claims for the forfeiture, on termination or on an annual basis, of Personal Holidays accrued or awarded; claims for the failure to pay Personal Holidays as wages timely on termination, to carry forward Personal Holidays from one year to the next, or to report accurately Personal Holidays on itemized wage statements or to maintain or provide accurate, itemized statements of Personal Holidays; claims for unfair, unlawful, or fraudulent business practices based on or related to the award, accrual, usage, or forfeiture of Personal Holidays, the failure to pay all Personal Holidays due as wages upon termination, or the failure to carry forward Personal Holidays from year to year, or any other related allegation; claims for civil or statutory penalties (including PAGA Penalties) related to the award, accrual, usage, or forfeiture of Personal Holidays; and claims for interest, attorneys' fees, or costs based on the Class Released Claims. The Class Released Claims include all such above-described claims arising under the California Labor Code (including, but not limited to, sections 201-203, 226, 227.3, and 2698 et seq.); the wage orders of the California Industrial Welfare Commission; California Business and Professions Code section 17200 et seq.; the California common law of contract and torts; the Fair Labor Standards Act, 29 U.S.C. § 201 et seq.; federal common law; and ERISA. The Class Released Claims, however, do not include (i) any claim by a Class Member to Personal Holidays that on January 1, 2007, Target acknowledged were accrued by the Class Member and that Target carried over for future use by the Class Member; (ii) any claim by a Class Member to Personal Holidays that were accrued by the Class Member on or after January 1, 2007; or (iii) any claim arising under any of the statutes or laws enumerated in this paragraph that is not based or related to the award, accrual, usage, or forfeiture of Personal Holidays, the failure to pay all Personal Holidays due as wages upon termination, the failure to carry forward Personal Holidays from one year to the next, the failure to render accurate wage statements with respect to Personal Holidays, or any other Personal Holiday-related allegation. This release will not be used by Target as a defense to any such excluded claims.

(2) The Released Claims include all such claims, whether known or unknown. Thus, if you participate in the Settlement, then even if you later discover facts in addition to or different from those that you now know or believe to be true with respect to the subject matter of the Released Claims, those claims will remain released and forever barred. Therefore, as participating Class Members, you and Class Counsel expressly waive and relinquish the provisions, rights, and benefits of section 1542 of the California Civil Code, which reads:

> A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.

**g.     Class Representative Payment:** In addition to her share as a Participating Class Member, plaintiff will seek approval from the Court for payment of $25,000 for her services as Class Representative, as well as her acceptance of the risk of paying court costs and Target's attorneys' fees and expenses in the event of an unsuccessful outcome. This payment will be made by Target out of the Settlement.

**h.     Class Counsel Fees and Expenses Payment:** As part of the final approval hearing, Spiro Moss Barness LLP and the Law Offices of Peter M. Hart will file a motion with the Court requesting an award of up to $3,000,000 (or 30 % of the maximum settlement amount) for their attorneys' fees in connection with their work in this case and $30,000 in reimbursement of their litigation costs and expenses that were advanced in connection with the Action. Class Members are not personally liable for any fees and costs. These amounts constitute full and complete compensation for all legal fees and litigation costs and expenses of all Class Counsel, including costs and expenses resulting from experts and other vendors retained by Class Counsel in connection with the litigation and all work done through the completion of the litigation, whatever date that may be. Class Members will <u>not</u> be required to pay Class Counsel for any other attorneys' fees or litigation costs or expenses out of their own pockets if the Settlement Agreement and the fee request are finally approved by the Court. Class Counsel's attorneys' fees and litigation costs and expenses as approved by the Court will be paid out of the Settlement. Class Members, Class Counsel, and the Class Representative are not liable for payment of attorneys' fees and litigation costs and expenses incurred by Target and no such payments will be made to Target or its counsel from the Settlement.

**i.     Payment to LWDA.** The parties have agreed that the Labor Workforce Development Agency of the State of California (the "LWDA") will be paid $20,000 out of the Settlement as the LWDA's share of the settlement of penalties.

j.   **Costs of Administration:**   Target will pay the reasonable costs of administering the settlement, including the Settlement Administrator's fees and expenses, from its own funds and _not_ out of the Settlement.

4.   **PLAINTIFF'S AND CLASS COUNSEL'S SUPPORT OF THE SETTLEMENT.**

Plaintiff as Class Representative and Class Counsel support the Settlement. Their reasons include the risk of denial of class certification, the risk of an unsuccessful outcome on the merits of Plaintiff's claims, and the inherent delays and uncertainties associated with litigation. Based upon their experience litigating similar cases, Class Counsel believe that further proceedings in this case, including a trial and probable appeals, would be very expensive and protracted. No one can confidently predict how the various legal questions at issue, including the amount of damages, would ultimately be resolved. Therefore, upon careful consideration of all of the facts and circumstances of this case, Class Counsel believe that the Settlement is fair, reasonable, and adequate.

5.   **WHAT ARE YOUR RIGHTS AS A CLASS MEMBER?**

a.   **Participating in the Settlement**

Plaintiff as Class Representative and Class Counsel represent your interests as a Class Member. Unless you elect not to participate in the settlement, by filling out and mailing the Election Not to Participate included with this Notice, you are a part of the Class, you will be bound by the terms of the Settlement and any final judgment that may be entered by the Court, and you will be deemed to have released the claims against Target and the other released parties described above. As a member of the Class, you will not be responsible for the payment of attorneys' fees or reimbursement of litigation expenses unless you retain your own counsel, in which event you will be responsible for your own attorneys' fees and expenses.

b.   **Objecting to the Settlement.**

You may object to the terms of the Settlement before final approval, either by filing a written objection or filing a notice of your intent to appear and object at the final approval hearing. If the Court rejects your objection, however, you will still be bound by the terms of the Settlement, unless you also submit an Election Not to Participate (see a description of this Election below in subsection (e)). To object, you must send a written notice of objection or a written notice of your intent to appear and object at the final approval hearing to the Court, to Class Counsel _and_ to Target's counsel at the addresses provided below **by no later than June 11, 2008.**

Send your notice to:

Magistrate Judge Wayne D. Brazil
United States District Court, Northern District of California
1301 Clay Street, Suite 400 S
Oakland, California 94612-5212

**Also send copies of your notice to the parties' counsel as shown below:**

| CLASS COUNSEL | TARGET'S COUNSEL |
|---|---|
| Dennis F. Moss<br>Gregory N. Karasik<br>Spiro Moss Barness LLP<br>11377 W. Olympic Blvd., Fifth Floor<br>Los Angeles, California 90064-1683<br>Telephone: (310) 235-2468<br>Facsimile: (310) 235-2456<br>E-mail: dennisfmoss@yahoo.com<br>E-mail: greg@spiromoss.com | Jeffrey D. Wohl<br>Rishi N. Sharma<br>Paul, Hastings, Janofsky & Walker LLP<br>55 Second Street, 24th Floor<br>San Francisco, California 94105-3441<br>Telephone: (415) 856-7000<br>Facsimile: (415) 856-7100<br>E-mail: jeffwohl@paulhastings.com<br>E-mail: rishisharma@paulhastings.com |

Peter M. Hart
Law Offices of Peter M. Hart
13952 Bora Bora Way, F-320
Marina Del Rey, California 90292
Telephone: (310) 478-5789
Facsimile: (509) 561-6441
E-mail: hartpeter@msn.com

**DO NOT TELEPHONE THE COURT OR DEFENDANT'S COUNSEL.**

Any written objection and/or notice of your intent to appear at the hearing must state each specific reason for your objection and must set forth any legal or evidentiary support for each objection. Your written objection, and/or notice of your intent to appear at the hearing, also must state your full name, address, telephone number, date of birth, and the dates of your employment at Target.

To be valid and effective, the Court **and** Counsel must receive any written objections and/or notices of intent to appear at the hearing by no later than **June 11, 2008.** A Class Member who fails to send a written statement of objection or a notice of intent to appear and object at the final approval hearing in the manner described above and by the specified deadline will be deemed to have waived

any objections and will be foreclosed from making any objection (whether by appeal or otherwise) to the Settlement.

### d. Disputing the Number of Work Weeks on Your Settlement Share Statement.

If you dispute the number of work weeks on your Settlement Share Statement, state on your Correction to Settlement Share Statement (provided below) what you contend is your correct number of work weeks and mail the Correction to Settlement Share Statement with any documentation you have to support your correction to the following address:

*Wong v. Target Corp.* Settlement Administrator
Rust Consulting, Inc., PO Box 340
Minneapolis, MN 55440-0340

YOU DO NOT HAVE TO MAIL OR FAX ANYTHING TO THE SETTLEMENT ADMINISTRATOR IF THE INFORMATION STATED IN YOUR SETTLEMENT SHARE STATEMENT IS CORRECT.

### e. Excluding Yourself from the Settlement.

If you do not wish to participate in the Settlement, you must complete the enclosed form of Election Not to Participate in Settlement ("Election Not to Participate") that is provided below. The Election Not to Participate must be completed, signed by you, dated, <u>notarized</u>, and returned to the Settlement Administrator by no later than **June 11, 2008**.

If the Election Not to Participate is sent from within the United States it must be sent through the United States Postal Service via registered or certified mail, with return receipt requested. Send your Election Not to Participate in Settlement to the <u>Settlement Administrator</u> at the following address:

*Wong v. Target Corp.* Settlement Administrator
Rust Consulting, Inc., PO Box 340
Minneapolis, MN 55440-0340

**DO <u>NOT</u> SEND AN ELECTION NOT TO PARTICIPATE FORM TO JUDGE WAYNE D. BRAZIL OR TO THE COURT**

A Class Member who fails to mail an Election Not to Participate in the manner and by the deadline specified above will be bound by all terms and conditions of the Settlement (if the Settlement is approved by the Court), and the Judgment, regardless of whether he or she has objected to the Settlement.

Any person who files a complete and timely Election Not to Participate will, upon receipt, no longer be a member of the Settlement Class and will not be eligible to receive a Settlement Share. Any such person, at his or her own expense, may pursue any claims he or she may have against Target, its affiliates, predecessor, or acquired companies. An incomplete or non-notarized Election Not to Participate will be deemed invalid.

### 6. FINAL SETTLEMENT APPROVAL HEARING

The Court will hold a final approval hearing on **July 23, 2008**, at 3:00 p.m. in Courtroom 4 of the Oakland Division of the United States District Court for the Northern District of California, 1301 Clay Street, Suite 400 S, Oakland, CA 94612-5212, to determine whether the settlement should be finally approved as fair, reasonable, and adequate. The Court will also be asked to approve the requests for the Class Representative Payment and the Class Counsel Fees and Expenses Payment.

The hearing may be postponed without further individual notices being mailed to Class Members. If the hearing is postponed, the Court will provide notice of the new date for the hearing on the docket for this case (i) online through the Public Access to Court Electronic Resources system, known as "PACER," at http://ecf.cand.uscourts.gov, or (ii) at the Office of the Clerk at the United States Federal Building and Courthouse at 1301 Clay Street, Suite 400 S, Oakland, California 94612-5212, between the hours of 9:00 a.m. and 4:00 p.m., Monday through Friday, excluding Court holidays. Class Members also may find out whether the final approval hearing has been continued by calling Class Counsel — Dennis F. Moss or Gregory N. Karasik at (310) 235-2468, or Peter M. Hart at (310) 478-5789.

It is not necessary for you to appear at this hearing. If you have given notice of your objection to the settlement, you may appear at the hearing at your option so long as you have filed a notice of intent to appear by **June 11, 2008.**

7. **GETTING MORE INFORMATION**

The above is a summary of the basic terms of the Settlement. For the precise terms and conditions of the Settlement, you are referred to the detailed Settlement Agreement, which will be on file with the Clerk of the Court. The pleadings and other records in this litigation including the Settlement Agreement, may be examined (i) online through the Public Access to Court Electronic Resources system, known as "PACER," at http://ecf.cand.uscourts.gov, or (ii) in person at the Office of the Clerk at the United States Federal Building and Courthouse at 1301 Clay Street, Suite 400 S, Oakland, California 94612-5212, between the hours of 9:00 a.m. and 4:00 p.m., Monday through Friday, excluding Court holidays, or you may contact <u>Class Counsel</u> — **Dennis F. Moss or Gregory N. Karasik at (310) 235-2468, or Peter M. Hart at (310) 478-5789** — or the Settlement Administrator at Rust Consulting, Inc., PO Box 34, Minneapolis, MN 55440-0340

**PLEASE DO NOT TELEPHONE THE COURT OR DEFENDANT'S COUNSEL FOR INFORMATION REGARDING THIS SETTLEMENT OR THE CLAIM PROCESS!**

Dated: April 7, 2008.

_____
Wayne D. Brazil
United States Magistrate Judge

Legal_US_W # 58466418.1        14        NOTICE OF CLASS ACTION SETTLEMENT
U.S.D.C., N.D. CAL., NO. C-06-CV-05398-WDB

# SETTLEMENT SHARE STATEMENT

Your name: _____

Your Target employee ID number: _____

The total number of your work weeks

from July 31, 2002 to December 31, 2006: _____

Your estimated Settlement Share: $_____*

\* NOTE: Your estimated Settlement Share is calculated under the assumption that the Court finally approves the Settlement; all Class Members participate; and the Court approves the amounts sought for the Class Representative Payment, the Class Counsel Fees and Expenses Payment, and the payment to the Labor Workforce Development Agency of the State of California. Your actual Settlement Share may end up being higher or lower than estimated, except that it will not be less than $5.

IF YOU DO NOT DISPUTE THE INFORMATION ABOUT YOUR WORK WEEKS, YOU DO NOT NEED TO DO ANYTHING AT THIS TIME.

IF YOU DISPUTE THE INFORMATION ABOUT YOUR WORK WEEKS, COMPLETE THE BOTTOM HALF OF THIS FORM TO CORRECT THE STATEMENT AND MAIL IT BACK TO THE SETTLEMENT ADMINISTRATOR BY NOT LATER THAN **June 11, 2008.** ATTACH ANY SUPPORTING DOCUMENTATION YOU HAVE.

## CORRECTION TO SETTLEMENT SHARE STATEMENT

I wish to correct my Settlement Share Statement as follows:

My name: _____

My Target employee ID number
(if you wish, you may provide the last four
digits of your Social Security number instead): _____

My mailing address: _____
_____
_____

My daytime telephone: _____

My evening telephone: _____

My corrected total number of
work weeks during the class period
(07/31/02-12/31/06) is: _____

☐   (check if applicable):

I am attaching documentation to support my corrections to my Settlement Share Statement.

Executed on _____ at _____, _____.
             (date)           (city)          (state)

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

_____
(signature)

MAIL THE CORRECTED FORM AND SUPPORTING DOCUMENTATION TO:

*Wong v. Target Corp.* Settlement Administrator

Rust Consulting, Inc., PO Box 340

Minneapolis, MN 55440-0340

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONNA CATHERINE WONG, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>TARGET CORPORATION, a Delaware corporation; and DOES 1 through 20, inclusive,<br><br>Defendant. | No. C-06-05398-WDB<br><br>**ELECTION NOT TO PARTICIPATE IN SETTLEMENT** |

**IF YOU <u>WANT TO BE INCLUDED</u> IN THIS CLASS ACTION SETTLEMENT, DO <u>NOT</u> FILL OUT THIS FORM.**

**ONLY IF YOU <u>DO NOT WANT TO BE INCLUDED</u> IN THE SETTLEMENT, YOU MUST SIGN THIS DOCUMENT, HAVE YOUR SIGNATURE NOTARIZED (SEE NEXT PAGE), AND MAIL THE DOCUMENT TO THE ADDRESS BELOW, <u>POSTMARKED NOT LATER THAN JUNE 11, 2008</u>.**

**THE COMPLETED DOCUMENT MUST BE MADE VIA REGISTERED OR CERTIFIED MAIL, WITH RETURN RECEIPT REQUESTED, TO:**

*Wong v. Target Corp.* Settlement Administrator
c/o Rust Consulting, Inc.
PO Box 340
Minneapolis, MN 55440-0340

I declare as follows:

I was employed by Target Corporation in the State of California sometime between July 31, 2002, and December 31, 2006. I have received the NOTICE OF PROPOSED SETTLEMENT OF "PERSONAL HOLIDAY" CLASS ACTION, and I wish to be excluded from the class and <u>not</u> to participate in the proposed settlement. I understand this means that I will not be bound by the settlement and will not share in the settlement proceeds.

I make this declaration under penalty of perjury under the laws of the United States of America.

Dated: _____, 2008.

_____
(Signature)

_____
(Typed or Printed Name)

_____
(Address)

_____
(City, State, Zip Code)

_____
(Telephone Number, Including Area Code)

_____
(Target employee identification number or last four digits of Social Security number)

# NOTARIZATION

STATE OF CALIFORNIA ) 
                                    ) §, 
COUNTY OF _____ )

On this ___ day of _____, 2008, before me _____, a Notary Public, State of California, duly commissioned and sworn, personally appeared _____ personally known to me (or proved to me on the basis of satisfactory evidence) to be the person whose name is subscribed to this instrument and acknowledged to me that he/she executed the same in his/her authorized capacity, and that by his/her signature on the instrument the person, or the entity upon behalf of which the person acted, executed the instrument.

    IN WITNESS WHEREOF, I have hereunto set my hand and affixed me official seal in the County of _____ on the date set forth above in this certificate.

(Seal)

_____
[Notary Public]
My commission expires: _____