| | |
|---|---|
| 1 | DENNIS MOSS (Cal. State Bar No. 077512) |
|   | GREGORY N. KARASIK (Cal. State Bar No. 115834) |
| 2 | SPIRO MOSS BARNESS LLP |
|   | 11377 W. Olympic Blvd., Fifth Floor |
| 3 | Los Angeles, California  90064-1683 |
|   | Telephone:  (310) 235-2468 |
| 4 | Facsimile:   (310) 235-2456 |
|   | dennisfmoss@yahoo.com |
| 5 | greg@spiromoss.com |
| 6 | PETER M. HART (Cal. State Bar No. 198691) |
|   | LAW OFFICES OF PETER M. HART |
| 7 | 13952 Bora Bora Way, F-320 |
|   | Marina Del Rey, California  90292 |
| 8 | Telephone:  (310) 478-5789 |
|   | Facsimile:   (509) 561-6441 |
| 9 | hartpeter@msn.com |
| 10 | Attorneys for Plaintiff |
|    | DONNA CATHERINE WONG |
| 11 | |
| 12 | JEFFREY D. WOHL (Cal. State Bar No. 96838) |
|    | RISHI N. SHARMA (Cal. State Bar No. 239034) |
|    | PAUL, HASTINGS, JANOFSKY & WALKER LLP |
| 13 | 55 Second Street, 24th Floor |
|    | San Francisco, California  94105-3441 |
| 14 | Telephone: (415) 856-7000 |
|    | Facsimile: (415) 856-7100 |
| 15 | jeffwohl@paulhastings.com |
|    | rishisharma@paulhastings.com |
| 16 | |
| 17 | Attorneys for Defendant |
|    | TARGET CORPORATION |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| 21 | DONNA CATHERINE WONG, individually and on behalf of all others similarly situated, | No. C-06-5398-WDB |
| 22 | | **STIPULATION TO MAKE CONFORMING CHANGES TO CLASS NOTICE; ORDER RE: SAME** |
| 23 | Plaintiff, | |
| 24 | vs. | |
| 25 | TARGET CORPORATION, a Delaware corporation; and DOES 1 through 20, inclusive, | |
| 27 | Defendants. | |

LEGAL_US_W # 58838222.2

STIPULATION AND ORDER RE: CLASS NOTICE, *ETC*.
U.S.D.C., N.D. Cal., No.-C-06- 5398-WDB

## **STIPULATION**

Plaintiff Donna Catherine Wong and defendant Target Corporation ("Target"), by and through their respective counsel of record, hereby stipulate and respectfully request that the Court permit the following conforming changes to the Class Notice of the parties' class action settlement:

1. On December 28, 2007, the parties' filed their joint motion for preliminary approval of the class action settlement in this case. (Docket No. 59.) Included with the joint motion were the parties' Settlement Agreement (Docket No. 60, Exh. 1), the parties' proposed Notice of Proposed Settlement of "Personal Holiday" Class Action; Conditional Certification of Settlement Class; Preliminary Court of Approval of Settlement; and Hearing Date for Final Court Approval (Docket No. 60, Exh. 1, Exh. A), which includes the Settlement Share Statement and Correction to Settlement Share Statement form (collectively the "Class Notice"), and the Election Not to Participate in Settlement form, which included a notarization (Docket No. 60, Exh. 1, Exh. B).

2. On April 7, 2008, the Court gave preliminary approval to the parties' settlement (Docket No. 72). On the same day, the Court approved a modified Class Notice and Election Not to Participate that were based in large part on the parties' submission. (Docket No. 73).

3. In the course of preparing the settlement papers, Rust Consulting, the Court-appointed Settlement Administrator, and the parties became aware of an ambiguity in the terms of the Class Notice that is potentially inconsistent with the terms of the parties' Settlement Agreement as approved by the Court. Specifically:

   a. Paragraph III.B.1 of the parties' Settlement Agreement provides that the *pro rata* Settlement Share due to each participating member "will be the product of (i) that Participating Class Member's total number of Work Weeks, (ii) divided (to the fifth decimal place) by the aggregate sum of all Participating Class Members' total number of Work Weeks, and (iii) multiplied by the Net Settlement Amount, provided that no Participating Class Member will receive less than a $5 Settlement Share." Paragraph I.W of the Settlement Agreement defines "Work Weeks" as "the number of calendar weeks, running from Sunday to Saturday and rounded up or down to the nearest whole week, during which the Class Members worked for Target in the State of California at any period of time on or before December 31, 2006." The parties understand Paragraph I.W and III.B.1 to require the inclusion of *any*

1  workweeks participating class members may have worked for Target in the State of California in the
2  calculation of their respective Settlement Share regardless of whether those workweeks fall within the
3  class period, *i.e.* July 31, 2002, to December 31, 2006.

4        b.      In several places, however, the Class Notice can be read to limit the number of
5  workweeks used in calculating the Settlement Share to those that fall within the class period.

6    4.    Because it was the parties' intent to include in the calculation of the Settlement Share all
7  workweeks rather than only those workweeks during the class period, the parties have modified the
8  Class Notice as set forth Exhibit A to this stipulation. Modifications or new text are <u>underscored</u> and
9  deleted text is ~~stricken out~~. The parties request that the Court grant the parties' stipulation to conform
10 the class notice and related forms to reflect the Settlement Agreement's formula for calculation of the
11 Settlement Share and the parties' intent.

12    5.    In addition, the parties modified the Class Notice to reflect properly the name of the
13 Labor and Workforce Development Agency, which was inadvertently identified as the Labor Workforce
14 Development Agency. The additional "and" is <u>underscored</u> in Exhibit A.

15    6.    Finally, the parties modified the notarization sheet in the Election Not to Participate in
16 Settlement to conform to the recent statutory changes enacted by Assembly Bill 886 to the required form
17 of notarized papers. *See* 2007 Cal. Stat., ch. 399, § 2 (amending California Civil Code section 1189).

18    7.    Except for the above-noted modifications, the Class Notice and Election Not to
19 Participate in Settlement remain substantively identical to the forms adopted by the Court on April 7,
20 2008, as evidenced by the Settlement Administrator's proof attached as Exhibit B to this Stipulation,
21 which includes the parties' proposed conforming changes.

22    8.    The parties respectfully request that the Court grant their stipulation to make conforming
23 changes to the Class Notice, Settlement Share Statement, Correction to Settlement Share Statement, and
24 Election Not to Participate in Settlement forms.

25 ///
26 ///
27 ///
28 ///

| | | |
|---|---|---|
| 1 | Dated: May 1, 2008. | DENNIS MOSS |
| 2 | | GREGORY N. KARASIK |
| | | SPIRO MOSS BARNESS LLP |
| 3 | | PETER M. HART |
| 4 | | LAW OFFICES OF PETER M. HART |

By: _____
Gregory N. Karasik
Attorneys for Plaintiff Donna Catherine Wong

Dated:  May 1, 2008.    JEFFREY D. WOHL
RISHI N. SHARMA
PAUL, HASTINGS, JANOFSKY & WALKER LLP

By: _____
Rishi N. Sharma
Attorneys for Defendant Target Corporation

1  **ORDER**

2  On the parties' stipulation, and good cause appearing therefor,

3  IT IS SO ORDERED.

4  Dated: May 6, 2008.

_____
Wayne D. Brazil
United States Magistrate Judge