1    DENNIS F. MOSS (Cal. State Bar No. 77512)
     GREGORY N. KARASIK (Cal. State Bar No. 115834)
2    SPIRO MOSS BARNESS LLP
     11377 W. Olympic Blvd., Fifth Floor
3    Los Angeles, California  90064-1683
     Telephone:  (310) 235-2468
4    Facsimile:  (310) 235-2456
     dennisfmoss@yahoo.com
5    greg@spiromoss.com

6    Additional Counsel on next page

7    Attorneys for Plaintiff
     DONNA CATHERINE WONG
8
     JEFFREY D. WOHL (Cal. State Bar No. 96838)
9    RISHI N. SHARMA (Cal. State Bar No. 239034)
     PAUL, HASTINGS, JANOFSKY & WALKER LLP
10   55 Second Street, 24th Floor
     San Francisco, California  94105-3441
11   Telephone: (415) 856-7000
     Facsimile: (415) 856-7100
12   jeffwohl@paulhastings.com
     rishisharma@paulhastings.com
13
     Attorneys for Defendant
14   TARGET CORPORATION

15

16                  UNITED STATES DISTRICT COURT

17                 NORTHERN DISTRICT OF CALIFORNIA

18

19   DONNA CATHERINE WONG,                    No. C 06-CV-05398-WDB
     individually and on behalf of all others
20   similarly situated,                      [PROPOSED] ORDER GRANTING FINAL
                                              APPROVAL OF CLASS ACTION
21                    Plaintiff,              SETTLEMENT AND JUDGMENT

22          vs.

23   TARGET CORPORATION, a Delaware
     corporation; and DOES 1 through 20,
24   inclusive,

25                    Defendants.

26

27

28

                                              ORDER GRANTING FINAL APPROVAL
     LEGAL_US_W # 59278042.2                  U.S.D.C., N.D. Cal., No. C-06-CV-05398-WDB

1   Additional counsel for Plaintiff Catherine Donna Wong:

2   PETER M. HART (Cal. State Bar No. 198691)
    LAW OFFICES OF PETER M. HART
3   13952 Bora Bora Way, F-320
    Marina Del Rey, California  90292
4   Telephone:  (310) 478-5789
    Facsimile:   (509) 561-6441
5   hartpeter@msn.com

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LEGAL_US_W # 59278042.2

ORDER GRANTING FINAL APPROVAL
U.S.D.C., N.D. Cal., No. C-06-CV-05398-WDB

1    On July 23, 2008, a hearing was held on the joint motion of plaintiff Donna Catherine Wong and

2    defendant Target Corporation ("Target") for final approval of their class settlement.  Gregory N. Karasik

3    of Spiro Moss Barness LLP, and Peter M. Hart of the Law Offices of Peter M. Hart, appeared for

4    plaintiff; Jeffrey D. Wohl and Rishi N. Sharma of Paul, Hastings, Janofsky & Walker LLP appeared for

5    Target.

6        The parties have submitted their Settlement Agreement evidencing their proposed settlement (the

7    "Settlement"), which this Court preliminarily approved in its April 7, 2008, order.  In accordance with

8    the preliminary approval order, class members have been given notice of the terms of the Settlement and

9    the opportunity to object to it or to exclude themselves from its provisions.  In addition, pursuant to the

10   Class Action Fairness Act of 2005, 28 U.S.C. § 1715 ("CAFA"), the Attorney General of the United

11   States and the appropriate state official in each state in which a class member resides have been given

12   notice of the Settlement.

13       Having received and considered the Settlement, the supporting papers filed by the parties, and

14   the evidence and argument received by the Court at the preliminary approval hearing held on March 18,

15   2008, and the final approval hearing on July 23, 2008, the Court grants final approval to the Settlement,

16   and HEREBY ORDERS and MAKES DETERMINATIONS as follows:

17       1.    Pursuant to this Court's order of April 7, 2008, a Notice of Conditional Certification of

18   Settlement Class, Proposed Settlement, Preliminary Court Approval of Settlement, and Hearing Date for

19   Final Court Approval and Election Not to Participate in Settlement form were sent to each class member

20   by first-class mail.  These papers informed class members of the terms of the Settlement, their right to

21   object to the Settlement or to elect not to participate in the Settlement and pursue their own remedies,

22   and their right to appear in person or by counsel at the final approval hearing and be heard regarding

23   approval of the Settlement.  Adequate periods of time were provided by each of these procedures.  No

24   class members filed written objections to the Settlement as part of this notice process or stated his or her

25   intent to appear at the final approval hearing.

26       2.    The Court finds and determines that this notice procedure afforded adequate protections

27   to class members and provides the basis for the Court to make an informed decision regarding approval

28   of the Settlement based on the responses of class members.  The Court finds and determines that the

1    notice provided in this case was the best notice practicable, which satisfied the requirements of law and

2    due process.

3          3.       Pursuant to CAFA, not later than 10 days after the motion seeking preliminary approval

4    of the Settlement was filed in court, Target served upon the appropriate state official of each state in

5    which a class member resides and the appropriate federal official, a notice of the Settlement consisting

6    of: copies of the complaint and the first amended complaint in this action; a notice of the scheduled

7    judicial hearings in this class action; copies of the Settlement Agreement, proposed notice of class action

8    settlement and Class Members' right to request exclusion from the class; and the names of Class

9    Members who reside in each state and the estimated proportionate share of the claims of Class Members

10   in each state to the entire Settlement.  The notice of Settlement also invited comment on the Settlement,

11   and when it learned from the Settlement Administrator that a Class Member resided in a state other than

12   the state noted in Target's records, Target provided or supplemented notice of the Settlement to the

13   appropriate state official in each state where a Class Member was then found to reside.  This order

14   granting final approval is not issued earlier than 90 days after the later of the dates on which the

15   appropriate federal and state officials were served with the notice of proposed settlement.

16         4.       The Court finds and determines that Target's notice of Settlement was timely, adequate,

17   and compliant with the statutory requirements of CAFA.  Accordingly, 28 U.S.C. section 1715(e) has no

18   application to the Settlement.

19         5.       For the reasons stated in the Court's April 7, 2008, preliminary approval order, the

20   Court finds and determines that the proposed Settlement Class, as defined in the definitions section of

21   the Settlement Agreement, meets all of the legal requirements for class certification, and it is hereby

22   ordered that the Settlement Class is finally approved and certified as a class for purposes of settlement of

23   this action.

24         6.       The Court finds that no class member has validly objected to the terms of the

25   Settlement, and even if the two objections that were submitted were considered, they do not provide

26   persuasive grounds to reject the Settlement.

27   ///

28

ORDER GRANTING FINAL APPROVAL
U.S.D.C., N.D. Cal., No. C-06-CV-05398-WDB

1      7.     The percentage of Class Members who validly opted out of the Settlement was only

2 0.11%.

3      8.     The Court further finds and determines that the terms of the Settlement are fair,

4 reasonable and adequate to the class and to each class member and that the class members who have not

5 opted out shall by bound by the Settlement, that the Settlement is ordered finally approved, and that all

6 terms and provisions of the Settlement should be and hereby are ordered to be consummated.

7      9.     The Court finds and determines that the payments to be made to the Settlement Class

8 Members as provided for in the Settlement are fair and reasonable.  The Court hereby gives final

9 approval to and orders the payment of those amounts be made to the Settlement Class Members out of

10 the $10,000,000 Maximum Settlement Amount in accordance with the terms of the Settlement.

11     10.    On October 19, 2006, plaintiff provided notice to the California Labor and Workforce

12 Development Agency ("LWDA") of Target's alleged violations of California Labor Code sections 201-

13 203, 226, and 227.3 based on Target's treatment of vacation time and personal holidays.  On

14 December 18, 2006, the LWDA informed plaintiff that it did not intend to investigate plaintiff's

15 allegations that Target's treatment of vacation time and personal holidays violate California law.  On

16 December 21, 2007, pursuant to the parties' stipulation, plaintiff amended her complaint to include

17 claims for civil penalties under the California Labor Code Private Attorneys' General Act of 2004

18 ("PAGA"), Cal. Lab. Code § 2698 *et seq.*

19     11.    The Court finds and determines that payment to the LWDA of $20,000 as its share of

20 the settlement of civil penalties in this case is fair, reasonable, and appropriate; that plaintiff complied

21 with the notice requirements of PAGA before amending her complaint to include claims for civil

22 penalties; and the Settlement extinguishes Target's liability for civil penalties to the State of California,

23 plaintiff, or Participating Class Members in accordance with the Settlement.  The Court hereby gives

24 final approval to and orders that the payment of that amount be paid out of the Maximum Settlement

25 Amount in accordance with the terms of the Settlement.

26     12.    The Court will enter a separate order with respect to plaintiff's motion for an award of

27 her Class Representative Payment and the Class Counsel Attorneys' Fees Payment.

28 ///

13.     The Court retains jurisdiction of all matters relating to the interpretation, administration, implementation, effectuation and enforcement of this order and the Settlement.

14.     Nothing in this order shall preclude any action to enforce the parties' obligations under the Settlement or under this order, including the requirement that Target make payments to the class members in accordance with the terms of the Settlement.

15.     Upon completion of administration of the Settlement, the Settlement Administrator will provide written certification of such completion to the Court and counsel for the parties.

16.     Pursuant to the Settlement, all Participating Class Members are permanently barred from prosecuting against Target, and its parents, subsidiaries, affiliates, and trusts, and all of its employees, officers, agents, attorneys, stockholders, fiduciaries, other service providers, successors, and assigns, and its parents, subsidiaries, affiliates, and trusts, and all of its employees, any individual or class claims that were released as set forth in the Settlement.

17.     The parties are hereby ordered to comply with the terms of the Settlement.

This action is hereby ordered dismissed with prejudice, each side to bear its own costs and attorneys' fees except as provided by the Settlement.

Dated: July 23, 2008.

_____
Wayne D. Brazil
United States Magistrate Judge

LEGAL_US_W # 59278042.2